```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

David Mora,

      Plaintiff,                                 CV-99-8125 (CPS)

  - against -                           MEMORANDUM OPINION
                                            AND ORDER

United States of America,

      Defendant.

```
----------------------------------------X
```

SIFTON, Senior Judge.

    Petitioner David Mora ("Mora"), currently incarcerated at the United States Penitentiary in Otisville, New York, seeks relief pursuant to Fed R. Civ. P. 60(b) from this Court's September 25, 2001 order denying his 28 U.S.C. § 2255 petition as barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132. In August 1996, following a jury trial, petitioner was convicted of several crimes related to organized narcotics trafficking, including one count of continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. Following conviction petitioner was sentenced to four terms of life imprisonment. The conviction and sentence were generally affirmed on direct appeal.[1] On December 6, 1999, Mora filed his first 28 U.S.C. § 2255 petition, which I denied on

---

[1] Petitioner's conviction and life sentence for narcotics conspiracy was vacated as being a lesser offense of his continuing criminal enterprise conviction.

September 25, 2001 on the grounds that it was barred by AEDPA's statute of limitations. Mora then sought a Certificate of Appealability ("COA"), which I denied on December 18, 2001. He next filed an application for a COA with the Court of Appeals, which was denied on March 8, 2002. Presently before the Court are *pro se* petitioner's motion pursuant to Fed R. Civ. P. 60(b)(5) and (6) seeking relief from the Court's denial of his § 2255 petition, and his "motion to amend the Rule 60(b) submission." For the reasons that follow, the motions are denied.

DISCUSSION

Petitioner seeks relief from the September 25, 2001 denial of his § 2255 petition on the grounds that it was barred by AEDPA's statute of limitations. Mora's § 2255 petition was filed on December 6, 1999. In determining that Mora's § 2255 petition was barred by AEDPA's one year statute of limitations, I calculated the statutory period as beginning on "the date on which the judgment of conviction [became] final." § 2255 ¶6(1). Mora's conviction became final on October 13, 1998; accordingly I concluded that his December 6, 1999 petition was barred by the one-year statute of limitations. Mora argues that because his § 2255 petition contained a challenge to his 21 U.S.C. § 848 conviction based on the Supreme Court's decision in *Richardson v.*

*United States*, 526 U.S. 813 (1999),[2] I should have calculated the statutory period beginning at "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255 ¶6(3). Since *Richardson* was decided on June 1, 1999, Mora argues that the statute of limitations began running on June 1, 1999, not October 13, 1998, bringing Mora's December 1999 petition[3] within the one year period.

In seeking relief from the September 25, 2005 order denying his § 2255 petition, Mora relies on the grounds set forth in Rule 60(b)(5), "...it is no longer equitable that the judgment should have prospective application," and (6), "any other reason justifying relief from the operation of the judgment." However, the portion of Rule 60(b)(5) invoked by Mora does not apply to his case, since there is no "prospective application" of the denial of his § 2255 petition. *See cf*. *Travelers Indem. Co. v.*

---

[2] *Richardson* held "that § 848's phrase 'continuing series of violations' did not refer to a single element of the CCE [continuing criminal enterprise] offense, but rather to several elements. Therefore, in a CCE case, the jury must unanimously and separately agree on each of the violations that constitute a 'continuing series of violations' required for a CCE conviction." *Santana-Madera v. United States*, 260 F.3d 133, 137 (2d Cir. 2001). *Santana-Madera* held that the *Richardson* decision was retroactive. *Id*. at 139.

[3] The government argues that Mora first raised his *Richardson* argument in a June 1, 2000 "Objection To Motion To Amend Petition under 28 U.S.C. § 2255," not in his original petition. June 1, 2000 is one year from the date Richardson was decided and still within the statute of limitations. *Mickens v. United States*, 148 F.3d 145, 148 (2d Cir. 1998)("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.")

*Sarkisian*, 794 F.2d 754, 757 n.4 (2d Cir. 1986) ("[I]t is doubtful that the preclusive nature of a dismissal with prejudice is a prospective effect under the rule."). Inasmuch as Mora argues that "the District Court inadvertently misapplied the federal statute of limitations," his argument is cognizable under Rule 60(b)(1) "mistake, inadvertence, surprise, or excusable neglect" and must be made "not more than one year after the judgment."

Rule 60(b)(6)'s catch-all provision applies only in cases where the request for relief "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)," *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988) and cannot be used "to circumvent the 1-year limitations period that applies to clause (1)." *Id.*, at 863, n. 11 (citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949)). Because Mora argues that the denial of his § 2255 petition was due to a mistake in calculating the appropriate statute of limitations, his motion is premised on (b)(1) grounds and cannot be characterized as a (b)(6) motion. Because this motion was filed more than three years after the judgment, it is untimely.

Although Mora's Rule 60(b) motion is time-barred, I note that in any event his *Richardson* claim is meritless. In *Richardson* the district court judge had instructed the jurors as to a CCE count, that they "must unanimously agree that the

defendant committed at least three federal narcotics offenses," while adding, "[y]ou do not...have to agree as to the particular three or more federal narcotics offenses committed by the defendant." *Richardson*, 526 U.S. at 816. The Supreme Court found this instruction erroneous, holding that "unanimity in respect to each individual violation is necessary." *Id*. at 816. At Mora's trial, regarding the CCE offense, I instructed the jury as follows: "You must find at least two of these offenses to have been committed in addition to the one that begins the series, and you must unanimously agree as to which violations were committed in order to find that the series existed." (Trial Transcript p. 8169). This instruction is sufficient under *Richardson*.

Mora's "motion to amend the Rule 60(b) submission" argues that "Booker type violations...exist in Mr. Mora's present sente[n]cing" and that *Booker* should be applied at Mora's resentencing following the grant of his § 2255 petition. These arguments are beyond the scope of a Rule 60(b) motion and petitioner's motion to amend his Rule 60(b) motion to include them is denied. *See Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)("[A]fter a district court has denied...the portion of the 60(b) motion...within the scope of Rule 60(b), the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), the balance of the motion, i.e., the portion believed to present new attacks on the conviction.").

CONCLUSION

For the reasons set forth above, Mora's Rule 60(b) motion and his motion to amend are denied.

The Clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          August 2 , 2006

                              /s/ Charles P. Sifton (electronically signed)
                                      United States District Judge