```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
```

David Mora,

    Petitioner,                             CV-99-8125

  - against -                        MEMORANDUM OPINION
                                       AND ORDER

United States of America,

    Defendant.

```
--------------------------------------X
```

SIFTON, Senior Judge.

    In 1995, *pro se* petitioner David Mora ("Mora"), together with four codefendants, was convicted after a fourteen-week trial of several crimes related to organized narcotics trafficking. Following conviction, petitioner was sentenced to four terms of life imprisonment. His conviction was affirmed and certiori was denied. In an order dated September 28, 2001, the Court denied a petition filed by Mora under 28 U.S.C. § 2255. On December 26, 2001, the Court denied a certificate of appealability. On February 27, 2001, the Second Circuit also denied a motion for a certificate of appealability. On August 3, 2006, the Court denied petitioner's motion pursuant to Rule 60(b), seeking relief from the September 28, 2001 order denying the Section 2255 petition. The Court also denied petitioner's motion to amend his Rule 60(b) motion.

    By letter dated December 29, 2006, petitioner inquired into

whether a decision had been rendered on his Rule 60(b) motion and whether a decision had been made following an evidentiary hearing in a separate action brought by petitioner, with the case number CV-02-5973.[1] The Court responded by letter dated January 16, 2007, enclosing a copy of the August 3, 2006 order, as well as a copy of an order dated November 10, 2005 dismissing the action numbered CV-02-5973. Petitioner received the Court's letter on January 19, 2007. The next day, petitioner submitted a request to Bureau of Prisons staff to ascertain whether his institution's mail room had received a copy of the order around the time the order was originally issued. Mail room staff responded that no such copy was received at that time. Presently before the Court is petitioner's Motion to Reconsider and Resubmit New Judgment Securing the Right to Appeal Orders of November 10, 2005 and August 3, 2006 pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, petitioner's motion with respect to the August 3, 2006 order, which I have construed as a motion to reopen his time to file an appeal[2], is denied.

---

[1] Petitioner commenced that action against the government in October 2002 to reopen a forfeiture decree in a prior case before this Court, *United States v. The Premises and Real Property Located at 698 Liberty Avenue, Brooklyn, New York*, No. CV-95-3175 (CPS)(E.D.N.Y.).

[2] Petitioner asserts that he brings this motion "based upon the Clerk's Office presumed inadvertence of failing to forward [t]he final opinions." Petitioner's Motion to Reconsider, p. 1. He requests that this Court "render new judgment resecuring Mr. Mora's Due Process right to appeal those judgments. . . ." *Id.* Petitioner's motion concerns the time period during which he may file a notice of appeal from a proceeding under Section 2255, which is governed by Federal Rule of Appellate Procedure 4(a). *United States v. Outen*, 286 F.3d 622, 633 n. 8 (2d Cir. 2002).

**Discussion**

When the United States is a party to a civil case, notice of appeal "may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). When a Section 2255 motion has been denied, "the 60-day time for appeal [runs] from the entry of the order denying [the] section 2255 motion." *Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993) (finding that time runs from entry of order rather than entry of judgment "[s]ince no judgment was required to be entered"). In this case, the 60-day period during which petitioner could have appealed the August 3, 2006 decision lapsed on October 2, 2006.

Under Federal Rule of Appellate Procedure 4(a)(6)[3],

> the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

---

[3] Petitioner filed his motion pursuant to Federal Rule of Civil Procedure 60(b), under which a "court may relieve a party . . . from a final judgment, order, or proceeding" for reasons such as mistake, newly discovered evidence, fraud, "or any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Proc. 60(b). "The motion shall be made within a reasonable time, and [in some cases], not more than one year after the judgment, order, or proceeding was taken." *Id.* However, Rule 60(b) may not be used to circumvent the time limits for appeals under Federal Rule of Appellate Procedure 4(a). *See Ishay v. City of New York*, 178 F.Supp.2d 314, 317 (E.D.N.Y. 2001) (citing *Cody, Inc. v. Woodbury*, 179 F.3d 52, 55 (2d Cir. 1999)); *see also Vencor Hospitals, Inc. v. Standard Life and Accident Ins. Co.*, 279 F.3d 1306, 1311 (11t Cir. 2002) (Rule 4(a)(6) supersedes Rule 60(b) as means by which to file notice where party not served with judgment or order to be appealed, including where lack of service prevented party from meeting deadline in Rule 4(a)(6)). Petitioner's motion is therefore analyzed according to the requirements of Rule 4(a).

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.[4]

Fed. R. App. P. 4(a)(6). Federal Rule of Civil Procedure 77(d) provides in pertinent part that

> [i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) . . . , and shall make a note in the docket of the service . . . . Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

Fed. R. Civ. Proc. 77(d).

The government does not dispute that petitioner has met prongs (A) and (C) under Rule 4(a)(6). The only issue is whether petitioner timely filed his motion according to the time limits under prong (B). To meet that requirement, petitioner had to have filed his motion within 180 days after entry of the order on August 3, 2006 or seven days after he received notice of the

---

[4] The Advisory Committee Notes for Rule 4 define "prejudice" in this context as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Advisory Committee Note, Fed. R. App. P. 4 (1991 Amendment).

order, whichever is earlier. With respect to the first time period, 180 days had run by January 30, 2007. Regarding the second period, Mora received the January 16, 2007 letter from the Court on January 20, 2007, at the latest. On that date, Mora filed his Inmate Request to Staff form regarding his failure to receive the order in earlier mailings. Petitioner's Motion to Reconsider, p. 5. Based on this date, the most advantageous date for petitioner, the seven-day period after receiving notice lapsed on January 27, 2007. The date of January 20, 2007 governs because it is the earlier of the two operative dates under subpart B of Rule 4(a)(6). Under the "prison mailbox rule," a submission is considered to have been filed "at the moment of delivery to prison authorities for forwarding to the district court." *Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005); *see also* Fed. R. App. R. 4(b)(1). Mora's motion is dated February 17, 2007, the earliest date on which petitioner could have delivered his submission to prison authorities and 21 days after January 27, 2007. Therefore, Mora's motion to reopen is untimely. Because Mora cannot comply with the requirements of Rule 4(a)(6), his motion to reopen is denied.

## Conclusion

For the foregoing reasons, petitioner's motion to reopen the time to file an appeal is denied. The clerk is directed to mail a copy of this decision to all parties.

SO ORDERED.

Dated:     Brooklyn, New York
           June 20, 2007


                              By: Charles P. Sifton (electronically signed)
                                       United States District Judge